**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHANEL, INC., a New York Corporation,**

                 **Plaintiff,**

   vs.                                         **3:15-CV-893**
                                                      **(MAD/DEP)**

**CONKLIN FASHIONS, INC., a New York**
**Corporation, d/b/a wholesalejewelry.net d/b/a**
**Wholesale Jewelry and Accessories d/b/a**
**Wholesale Jewelry &Accessories, d/b/a**
**Conklin Fashions, and**
**DOES 1-10,**

                 **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**FOR THE PLAINTIFF:**
**WILSON ELSER MOSKOWITZ**         **PETER A. LAURICELLA, ESQ.**
**EDELMAN & DICKER, LLP**
667 Broadway
Albany, New York 12207
Attorneys for Plaintiff

**FOR THE DEFENDANT:**
No Appearance

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

On July 22, 2015, Plaintiff commenced this action against Defendant alleging that

Defendant is selling jewelry bearing a counterfeit of Plaintiff's registered trademarks in violation

of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). To this end, Plaintiff applied *ex parte* for a

seizure order pursuant to 15 U.S.C. § 1116(d), a temporary restraining order, a preliminary

injunction, a substitute custodian order, and an order temporarily sealing the court file pursuant to

15 U.S.C. § 1116(d)(8). Having reviewed the complaint, moving papers, and declarations submitted by Plaintiff, the Court finds that:

(a) Plaintiff is likely to succeed in showing that Defendant used counterfeits of Plaintiff's two registered trademarks, (1) Reg. No. 3,133,139 and (2) Reg. No. 1, 501, 898, which are registered on the Principal Register in the United States Patent and Trademark Office (collectively, the "Chanel marks"), in connection with the sale, offering for sale, promotion, advertisement, and/or distribution of counterfeit jewelry product including earrings, bracelets, and rings that infringe upon the Chanel marks within the United States;

(b) The sale of such merchandise bearing a counterfeit of said Chanel marks will result in an immediate and irreparable injury to Plaintiff if a seizure of such counterfeit merchandise and the records pertaining thereto is not ordered;

(c) Defendant, or other persons acting in concert with defendant, may destroy, move, hide or otherwise make the merchandise bearing a counterfeit of the Chanel marks inaccessible to the Court if Plaintiff were to proceed on notice to Defendant and, thus, frustrating the ultimate relief Plaintiff seeks in this action;

(d) The harm to Plaintiff of denying the requested *ex parte* seizure order outweighs the harm to Defendant's legitimate interests of granting such an order;

(e) Plaintiff has not published the proposed seizure order;

(f) Plaintiff has provided the United States Attorney with reasonable notice of its application for this Order pursuant to 15 U.S.C. § 1116(d)(2);

(g) Plaintiff has sufficiently identified Defendant and the location where Defendant is likely to be holding and/or offering for sale merchandise bearing counterfeits of Plaintiff's trademarks and records relating thereto; and

(h) Entry of an order other than an *ex parte* seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve Plaintiff's remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Plaintiff's trademarks, and recovery of Plaintiff's lost profits and damages.

**CONCLUSION**

After carefully reviewing Plaintiff's *ex parte* application in this matter and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that pursuant to 15 U.S.C. § 1116(d)(1)(A), (d)(9), within **SEVEN** days of the date of this Order, the United States Marshal or his/her deputy, accompanied by Peter A. Lauricella ("Plaintiff's counsel") and persons acting under such counsel's supervision, shall carry out the seizure as provided herein, and Defendant shall surrender for seizure (1) all counterfeit products, means of making counterfeit products such as manufacturing or packing equipment, molds, matrices, computers, computer software, or machinery designed for the purpose of making or packaging counterfeit products, and packaging bearing the Chanel marks or any other mark substantially indistinguishable of one or more of the Chanel marks, (2) all documents and records reasonably appearing to document or relate to the importation, purchase, acquisition, manufacture, insurance of, advertising, promotion, sale, offering for sale, distribution, and transfer of such products and packaging of the Chanel marks or substantially indistinguishable designations of or for any of the Chanel marks, including, but not limited to, computer disks, CD ROMs, computer hardware, other magnetically or electronically stored information, located at Conklin Fashions, Inc., a New York corporation, d/b/a wholesalejewelry.net d/b/a Wholesale Jewelry and Accessories d/b/a Wholesale Jewelry & Accessories d/b/a Conklin Fashions, 9-11 Johnson Street, Bainbridge, New York, 13733; and the Court further

**ORDERS** that the United States Marshal or his/her deputy shall employ whatever reasonable force is necessary to enter the premises of Defendant identified above and to inspect the contents of any vehicles, containers, warehouses, storage facilities, offices, desks, closets, safes, cabinets, furniture, or documents located on the premises where any potentially counterfeit items may be stored or records relating to counterfeit items may be contained; and the Court further

**ORDERS** that the United States Marshal or his/her deputy executing this seizure order may search for documents, electronic data, and/or electronic files on computers or other electronic devices found on the subject property; and the Court further

**ORDERS** that any material seized by the law enforcement officials executing this seizure order shall be delivered up into the custody of the following temporary custodian, Peter A. Lauricella, Wilson Elser Moskowitz Edelman & Dicker LLP, 667 Broadway, Albany, New York 12207, who is designated the substitute custodian for the Court, pending the hearing provided for herein, pursuant to 15 U.S.C. § 1116(d)(10); and the Court further

**ORDERS** that only the items listed in this order shall be seized and impounded and/or downloaded and/or copied, and due care shall be taken by the United States Marshal or his/her deputy to preserve and keep in good order Defendant's property and assets which are not related to the manufacture, packaging, or distribution of the alleged counterfeit products referred to above; and the Court further

**ORDERS** that, at the time of the seizure, all items shall be appropriately packaged to permit identification, that Defendant shall be given a receipt and/or inventory list thereof, and the U.S. Marshal or his/her deputy shall file an inventory list with the Court within forty-eight (48) hours after the seizure has been carried out; and the Court further

4

**ORDERS** that any merchandise seized shall be made available for inventory or inspection by any parties' counsel during normal business hours in a location mutually agreed upon by the parties in Albany, New York; and the Court further

**ORDERS** that pursuant to 15 U.S.C. § 1116(d)(7), (1) Plaintiff's attorney shall hold as confidential all documents, records, computer data, and/or electronic data (the "seized information") seized in connection with this matter, and shall not disseminate and make available any of the seized information, (2) the seized information is subject to a protective order whereby access is initially restricted to Plaintiff's counsel, Defendant, and/or its counsel, (3) Defendant and/or its counsel shall be permitted to inspect and copy such records, and the originals of such records shall be copied and the originals returned to Defendant as soon as possible, but in no event later than three (3) court days after such seizure, and (4) the protective order, which limits the access of Plaintiff's employees to such records and documents, shall expire on the date set for the hearing, whether or not the hearing takes place on that date; and the Court further

**ORDERS** that pursuant to 15 U.S.C. § 1116(d)(5)(C), Plaintiff shall post a bond in the amount of $15,000 (**FIFTEEN THOUSAND)** as payment of damages to which Defendant may be entitled for a wrongful seizure or wrongful attempted seizure, prior to conducting the seizure ordered herein; and the Court further

**ORDERS** that Plaintiff's attorney, or persons acting under such counsel's supervision, shall be permitted to videotape and take photographs and notes of the seizure; and the Court further

**ORDERS** that Plaintiff's counsel, while on Defendant's premises and inspecting the products in Defendant's possession, custody, or control, shall make a good faith determination as to whether such products are counterfeit or are genuine Chanel products; and the Court further

**ORDERS** that Plaintiff shall hold harmless the United States Marshal's Office and other law enforcement agencies and their employees from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendant's property, including any third party claims; and the Court further

**ORDERS** that a seizure order hearing under 15 U.S.C. § 1116(d)(10)(A) shall take place not sooner than ten (10) days after this order is issued and not later than fifteen (15) days after the order is issued, namely, on **August 28, 2015 at 10:00 A.M.** at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207 unless Plaintiff shows good cause for another date or unless Defendant consents to another date; and the Court further

**ORDERS** that Plaintiff shall be responsible for notifying and coordinating the service and execution of this Order with the designated representative for the United States Marshal, Administrative Officer Barbara Wright, at (315) 473-7603; and the Court further

**ORDERS** that pursuant to 28 U.S.C. § 1921 and 28 C.F.R. § 0.114, Plaintiff shall be responsible for any costs associated with the service and execution of this Order; and the Court further

**ORDERS** that the United States Marshal or his/her deputy shall serve a copy of this Order, the complaint, the motion, and all supporting declarations, exhibits and briefs upon defendant consistent with 15 U.S.C. § 1116(d)(9) and in a manner consistent with the service of process requirements in the State of New York, at the time of seizure, and if a party is not present at the seizure, Plaintiff shall, within three (3) court days after the seizure, serve any Defendant not served at the time of seizure either personally or at their place of business or residence by leaving such document with a person of at least 18 years of age or by serving any agent of Defendant authorized to receive service of process; and the Court further

**ORDERS** that Defendant's answering papers, if any shall be filed, in accordance with the Federal Rules of Civil Procedure, with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to the office of Wilson Elser Moskowtiz Edelman & Dicker LLP, 667 Broadway, Albany, New York 12207, to the attention of Peter A. Lauricella, and unless Defendant files a timely request for an extension, any responses shall be filed and served on Plaintiff by 12:00 P.M. EST on **August 26, 2015**; and the Court further

**ORDERS** that unless Defendant's time to respond is extended, Plaintiff's reply, if any, shall be filed, in accordance with the rules, with the Clerk of this Court and served upon the Defendant or its counsel on or before 12:00 P.M. EST on **August 27, 2015**; and the Court further

**ORDERS** that pursuant to 15 U.S.C. § 1116(d)(8), this Order, together with the supporting documents, the complaint and the docket in the above-captioned matter be sealed, and all other papers in the above-captioned matter be filed under seal until the person against whom the order is directed has an opportunity to contest such order except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carrier out; and the Court further

**ORDERS** that Defendant and any of its officers, agents, servants, employees, attorneys, and those persons in active concert or participating with them, who receive actual notice of this Order by personal service or otherwise, are hereby

(A) **ENJOINED** and **RESTRAINED** from directly or indirectly:

(i) using, manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products, product packaging, or labeling bearing the Chanel marks identified above, or any substantially indistinguishable imitation mark, other than those actually manufactured and distributed by Plaintiff,

(ii) using the Chanel marks or any reproduction, counterfeit, copy, or substantially indistinguishable imitation mark in any manner likely to cause others to believe that Defendant's products are connected with Plaintiff or are genuine products of Plaintiff, if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine merchandise of Plaintiff as and for genuine merchandise of Plaintiff;

(iv) making any false or misleading statements regarding Plaintiff or its respective goods, or the relationship between Plaintiff on the one hand, and Defendant, on the other hand;

(v) committing any other acts calculated to cause purchasers to believe that Defendant's products are Plaintiff's products, if the are not;

(vi) importing, shipping, delivering, distributing, holding for sale, returning, transferring, or otherwise moving or disposing of any manner such merchandise falsely bearing one or more of the Chanel marks or any reproduction, counterfeit, copy, or colorable imitation of the same;

(vii) other than pursuant to a discovery instrument propounded by Plaintiff or an order of this Court, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging, or other items, or documents bearing any reproduction, counterfeit, or imitation of the Chanel marks;

(viii) removing, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any of the Chanel marks or any reproduction, counterfeit, or imitation thereof; and

(ix) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (viii); and

(B) **ORDERED** to impound, in the custody of Plaintiff's counsel, as substitute custodian for the Court, the merchandise and other items seized pursuant to the provisions set forth in this Order; and

(C) **ORDERED** to deliver up to Plaintiff's counsel for impoundment, pursuant to this Order, all such items or things bearing counterfeits of the Chanel marks remaining in its possession, custody or control; and the Court further

**ORDERS** that pursuant to Rule 65(b) of the Federal Rules of Civil Procedure , the restraining order shall remain in effect until the earlier of either 4:00 P.M. EST on **August 28, 2015**, or the issuance of a court order deciding Plaintiff's motion for a preliminary injunction; and the Court further

**ORDERS** that pursuant to 15 U.S.C. § 1116(d)(8), the Clerk shall file this Order, together with the supporting documents, under seal until Defendant has an opportunity to contest such order, except that Defendant and its counsel shall have access to this Order and supporting documents after the seizure has been carrier out.

**IT IS SO ORDERED.**

Dated: August 14, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge